The action was brought on a sealed instrument, dated in 1842, the signature to which was rudely made — so much so that no one could read it. At the time of its execution it was proved that Mr. Barnhardt, who became the subscribing witness, with the assent of the obligor, wrote his name plainly under his signature. The bond, thus executed, was handed to the obligee and kept until about the time this suit was brought. On the trial plaintiff offered to prove the handwriting of the subscribing *Page 394 
witness (he being dead), and to prove the facts above stated by persons who were present at the transaction. This was objected by the defendant, but admitted by the court, and the defendant's counsel excepted.
To repel the presumption of payment arising from the length of time, the plaintiff proved by one witness that defendant had told him that he owed
the plaintiff, who is his sister, a little note, but she did not need the money, and might wait for it. To another witness he said that he owed the plaintiff a note, but she might wait for it. These two conversations occurred a short time before the suit was brought.
His Honor instructed the jury that if they believed the evidence as to the execution of the paper, it was a valid bond, and if the defendant was referring to this paper when he admitted he owed the plaintiff a note, and that in fact it was still unpaid, the plaintiff was entitled to a verdict. Defendant's counsel again excepted.
Verdict for the plaintiff. Judgment. Appeal by the defendant.
We are at a loss to conceive upon what ground the insufficiency of the execution of the bond is put. One may execute such an instrument by making a mark in such way as to adopt the seal used, and it is a good bond. The form of the mark or the number of
(512) the strokes of the pen is not material. It can make no difference whether it be an illegible attempt at writing or simply designed as a mark. The writing of the name below the scrawl does not hurt the execution or annul the obligation. Such a prefix or addition, as an interpreter, is of universal custom. Proper evidence was offered on the trial to establish the execution in the manner stated, and such an execution we deem unquestionably legal. The instruction, therefore, to the jury upon that point was correct. The instruction, also, as to the presumption of payment from lapse of time was correct.
PER CURIAM. No error.